```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| TOMAS GUOX AJANEL,<br><br>   *Plaintiff*,<br><br> v.<br><br>JC HVAC LLC and JUAN CARLOS ALZATE,<br><br>   *Defendants*. | No. 24-cv-02150 (MEF)(CLW)<br><br>**OPINION and ORDER** |

**Table of Contents**

I. **Background**
  **A. The Allegations**
  **B. The Lawsuit**
  **C. Procedural History**
  **D. The Court's Approach**

II. **Liability**
  **A. Jurisdiction**
  **B. Service**
  **C. The Plaintiff's Claim**
  **D. The Equities**
  **E. Conclusion**

III. **Remedies**
  **A. Damages**
  **B. Fees and Costs**
  **C. Post-Judgment Interest**

IV. **Conclusion**

\*   \*   \*

An HVAC technician sued his former employers for not paying overtime.

The Clerk of Court entered a default judgment, and the technician has now moved for default judgment.

The motion is granted in part and denied in part.

\*   \*   \*

I.   **Background**

   A.   **The Allegations**

The relevant allegations for now are as follows.

A man worked as an HVAC technician at a New Jersey company.  See First Amended Complaint (ECF 4-1) ("Complaint") ¶¶ 5, 6, 10.

He "regularly worked between fifty and sixty-five hours each week."  Id. ¶ 11.

But he was not paid at an overtime rate for the time he put in past the 40-hours-per-week mark.  See id. ¶¶ 13-14.

   B.   **The Lawsuit**

In light of the above, the HVAC worker,[1] referred to from here as "the Plaintiff," brought this lawsuit.

He sued the company[2] he used to work for and its manager,[3] see id. ¶¶ 6-9 --- collectively "the Defendants."

The Plaintiff pressed one federal claim, under the Fair Labor Standards Act ("FLSA").  See id. ¶¶ 22-28.  And he brought two state law claims, under the New Jersey Wage and Hour Law ("NJWHL"), see id. ¶¶ 29-35, and the New Jersey Wage Payment Law ("NJWPL").  See id. ¶¶ 36-42.

---

[1]   Tomas Guox Ajanel.

[2]   JC HVAC LLC.  This is the "Corporate Defendant."

[3]   Juan Carlos Alzate.  This is the "Individual Defendant."

2

### C. **Procedural History**

The Defendants have not appeared, and the Clerk of Court has filed an entry of default. See Clerk's Entry of Default (June 20, 2024); see generally Fed. R. Civ. P. 55(a).

The Plaintiff now moves for default judgment.

### D. **The Court's Approach**

The Court's analysis is in two parts.

First, the Court considers whether to grant the default motion as to the Defendants' liability on the FLSA and NJWHL claims.[4] See Part II.

And second, the Court assesses whether to grant the motion as to the remedies the Plaintiff seeks. See Part III.

## II. **Liability**

To assess a default judgment motion, four issues must be taken up: (1) jurisdiction; (2) service; (3) the merits of a plaintiff's claim; and (4) the equities. See Baymont Franchise Sys., Inc. v. Narnarayandev, LLC, 348 F.R.D. 220, at 227-31 (D.N.J. 2024).

Walk through these now.

### A. **Jurisdiction**

First, does the Court have subject-matter jurisdiction? See id. at 227-28.

Yes.

Over the FLSA claim, subject-matter jurisdiction is supplied by the federal question statute, 28 U.S.C. § 1331.

And for the NJWHL claim, it comes from the supplemental jurisdiction statute. See 28 U.S.C. § 1367(a).

Now personal jurisdiction. See Baymont, 348 F.R.D. at 227-28.

---

[4] There is no need to separately address the Plaintiff's NJWPL claim. The default motion would be resolved the same way regardless of whether the NJWPL is or is not considered.

3

The Corporate Defendant is a limited liability company, with its principal place of business alleged to be in New Jersey.  See Complaint ¶ 6.

And that is a "paradigm bas[is] for general [personal] jurisdiction," Daimler AG v. Bauman, 571 U.S. 117, 137 (2014) (cleaned up), including for limited liability companies.  See Carrington Tea Co. v. Pretium Packaging L.L.C., 2024 WL 5170711, at *1 (D.N.J. Dec. 19, 2024) (so holding); E. & J. Gallo Winery v. Three Sixty Five Wines LLC, 2024 WL 5252475, at *2 (D.N.J. Dec. 31, 2024) (same).

There is personal jurisdiction over the Individual Defendant, too.

He is alleged to have been "active in the day to day management" of the LLC, including "determining what wages were paid to the Plaintiff."  Complaint ¶ 9.

The claims in this case grow out of these precise activities.  And the best overall reading of the Complaint is that these activities took place in New Jersey.

This means there is specific jurisdiction here.  See generally O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 317-18 (3d Cir. 2007) (laying out the necessary elements for specific jurisdiction).

    **B.**    **Service**

Next: were the Defendants properly served?  See Baymont, 348 F.R.D. at 228.

Yes.  See Declaration of Matthew J. Farnworth (ECF 17-2) ¶¶ 12-13; ECF 6, 7; see generally Fed. R. Civ. P. 4(h) (describing the legal standards that apply here).

    **C.**    **The Plaintiff's Claim**

The third question: is the Plaintiff's FLSA claim "solid?"  See Baymont, 348 F.R.D. at 228.

To answer, start with the law:

"[The] FLSA establishes the general rule that 'no employer shall employ any of his employees . . . for a workweek of longer than forty hours unless such employee receives compensation . . . at a rate not less than one and one-half times the regular rate at which he is employed.'"  Sander v. Light Action, Inc., 525 F. App'x 147, 150 (3d Cir. 2013) (quoting 29 U.S.C. § 207(a)(1)).

4

The elements of an FLSA claim are as follows: "(1) the plaintiff was an 'employee', as defined by the FLSA; (2) the defendant was 'engaged in commerce,' as defined by the FLSA; and (3) the plaintiff was not paid . . . overtime compensation for hours worked in excess of forty in a given week." Logan v. Victory Ent., Inc., 2021 WL 912814, at *3 (D.N.J. Mar. 10, 2021); see also Thompson v. Real Est. Mortg. Network, 748 F.3d 142, 148 (3d Cir. 2014); Davis v. Abington Memorial Hosp., 765 F.3d 236, 242 (3d Cir. 2014).

Tick through these three elements to see if the FLSA claim is "solid."

\* \* \*

First, under the FLSA, an "employee" is "any individual employed by an employer." 29 U.S.C. § 203(e)(1).

An "[e]mployer includes any person acting directly or indirectly in the interest of an employer in relation to an employee." Id. § 203(d) (cleaned up). And to "employ" means "to suffer or permit to work." Id. § 203(g).

The Third Circuit has recognized that "the FLSA defines employer expansively, and with striking breadth." In re Enter. Rent-A-Car Wage & Hour Emp't Prac. Litig., 683 F.3d 462, 467 (3d Cir. 2012) (cleaned up).

And it has held that "[a]side from the corporate entity itself, a company's owners, officers, or supervisory personnel may also constitute 'joint employers' for purposes of liability under the FLSA." Thompson, 748 F.3d at 153.

The Plaintiff alleges that he "worked for [the] Defendants as a HVAC maintenance and repair technician." Complaint ¶ 5; see also id. ¶ 10.

And he claims that the Individual Defendant, as part of "the day to day management of the [C]orporate [D]efendant," managed "the payment of wages to the Plaintiff[,] . . . scheduling and delegation of assignments, discipline of [the] Plaintiff, [and] had the power to hire and fire employees and approve all personnel decisions, [and] was responsible for maintaining personnel records relating to [the] Plaintiff's employment[.]" Id. ¶ 9.

These allegations clear the bar. They establish the Plaintiff was an "employee" under the FLSA. See, e.g., Morales v. Aqua Pazza LLC, 2022 WL 1718050, at *3 (D.N.J. May 27, 2022); Zuniga v. AM Framing LLC, 2022 WL 203234, at *3 (D.N.J. Jan. 24, 2022);

5

Slater v. Yum Yum's 123 ABC, 2021 WL 2188599, at *3 (E.D. Pa. May 28, 2021).

\* \* \*

Second, has the Plaintiff alleged that the Defendants were "engaged in commerce?" 29 U.S.C. § 207(a)(1).

Yes. See Complaint ¶ 8.

\* \* \*

Third and finally, has the Plaintiff alleged that he was not paid at the overtime rate? See 29 U.S.C. § 207(a)(1).

This requires him to "sufficiently allege forty hours of work in a given workweek as well as some uncompensated time in excess of the forty hours." Davis, 765 F.3d at 242 (cleaned up).

For example, "a plaintiff's claim that she 'typically' worked forty hours per week, worked extra hours during such a forty-hour week, and was not compensated for extra hours . . . she worked during one or more of those forty-hour weeks, would suffice." Id. at 243.

The Plaintiff alleges that he worked "from 7:00am until between 5:00pm and 8:00pm" five days per week, Complaint ¶ 11, which led to him working more than forty hours "virtually every week." Id. ¶ 12.

But, says the Plaintiff, the Defendants never paid him at an overtime clip. See id. ¶ 14.

That is enough.

\* \* \*

Putting together the allegations as to the three elements, the Plaintiff has made out a "solid," Baymont, 348 F.R.D. at 232, FLSA claim.

\* \* \*

And recall: the Plaintiff also brought a state law claim under the NJWHL. See Part I.B.

The NJWHL closely mirrors the FLSA. See, e.g., Buchspies v. Pfizer, Inc., 2019 WL 5078853, at *2 (D.N.J. Oct. 10, 2019); Nicholl-Kenner v. Lawrenceville Urology, P.A., 2012 WL 1898615, at *1 n.1 (D.N.J. May 23, 2012); Nieves v. Top Notch Granite & Marble LLC, 2011 WL 2937352, at *3 (D.N.J. July 19, 2011).

6

So the fact that the FLSA box is checked means that the NJWHL box is checked here, too.

Bottom line: the Plaintiff's FLSA and NJWHL claims are sturdy enough for default judgment purposes. See Baymont, 348 F.R.D. at 232.

### D. The Equities

Next, the Court must look to the overall equities of the case, generally by answering three questions. See Baymont, 348 F.R.D. at 231.

First, will a plaintiff be prejudiced if default judgment is not entered? See id.

Here, yes.

The Plaintiff says that the Defendants' failure to respond to the lawsuit leaves him with no way to get paid what he is owed. See Motion for Default Judgment at 5. That is prejudice. See Baymont, 348 F.R.D. at 232-33.

Second, does the defendant have an "obviously in-play litigable defense[]"? Id. at 234 (cleaned up).

In this case: no, at least not as to liability.

The FLSA, for example, includes a limitations period of two years. 29 U.S.C. § 255(a). The Plaintiff's original complaint was filed on March 8, 2024. See ECF 1 at 9. And at least some of the alleged underpayment falls within the limitations period of March 8, 2024 to March 8, 2022.[5] See Complaint ¶ 10 (alleging that the Plaintiff worked for the Defendants until June 2023).

Third: would default be the result of a defendant's "culpable conduct"? See Baymont, 348 F.R.D. at 235.

Yes.

The Defendants were served over fourteen months ago. See Farnworth Declaration ¶¶ 12-13. They have not appeared. The Clerk of Court placed an entry of default on the public docket. See Clerk's Entry of Default (June 20, 2024). And copies of the motion for default judgment were served on the Defendants when the motion was filed. See ECF 18.

---

[5] How the statute of limitations impacts damages is taken up in Part III.

7

These steps are an over-and-over-again "heads-up," Baymont, 348 F.R.D. at 227, that the Defendants have opted to ignore.

This is "culpable conduct." Id. at 235. The Corporate Defendant is New Jersey-based. See Complaint ¶ 6. It is "at home" here. Daimler, 571 U.S. at 137. And the Individual Defendant allegedly had thorough-going control over the New Jersey Corporate Defendant. See id. ¶ 9.

And yet the Defendants have repeatedly not responded when the Court calls. That is "culpable conduct."

### E. Conclusion

The four relevant inquiries --- jurisdiction, service, solidness of the claims, and the equities --- all point in the same direction. See Part II.A to Part II.D.

The Court will enter default judgment for the Plaintiff as to liability on his FLSA claim and on his NJWHL claim.

## III. Remedies

Come now to the remedies the Plaintiff is looking for --- damages, plus attorneys' fees and costs, and also post-judgment interest.

### A. Damages

Damages first.

The law here in a nutshell:

Under the FLSA, the law requires payment of unpaid overtime, plus liquidated damages in the same amount as the unpaid overtime.

"An employer who violates the [relevant overtime] provisions . . . shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation, . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b); see also Brooks v. Vill. of Ridgefield Park, 185 F.3d 130, 137 (3d Cir. 1999).

As for the NJWHL, the law requires payment of unpaid overtime, plus liquidated damages in an amount up to twice the unpaid overtime.

"If an employee is paid by an employer less than the minimum fair wage to which the employee is entitled [including overtime] . . . the employee may recover . . . the full amount of that minimum wage . . . and an additional amount equal to <u>not more</u> than 200 percent of the amount of the unpaid minimum wages . . . as liquidated damages[.]"  N.J.S.A. 34:11-56a25 (emphasis added).

* * *

The Plaintiff seeks unpaid overtime, and also (a) FLSA liquidated damages and (b) NJWHL liquidated damages.  <u>See</u> Motion for Default Judgment at 1.

* * *

Start with what is available under the FLSA.  <u>See</u> Part II.B.

The limitations period under the FLSA is generally two years.[6]

The plaintiff filed this action on March 8, 2024, and can therefore recover under the FLSA for the period from March 8, 2024 (when he filed this case) back to March 8, 2022 (two years before).

That adds up to $19,224.  $9,612 in unpaid overtime.[7]  <u>See</u> Motion for Default Judgment, Exhibit E.  Plus $9,612 in statutory

---

[6]  The limitations period is stretched out to three years "as to a cause of action arising out of a willful [FLSA] violation." 29 U.S.C. § 255(a).  And at points in the Complaint, the Plaintiff alleges that the Defendants' failure to pay overtime was "willful."  <u>See</u> Complaint ¶¶ 1-2, 15, 18, 26, 34, 40.  But there is nothing more than that.  Only the assertion that the "willful" threshold was crossed.  But that is a legal conclusion.  And legal conclusions "done up" as factual allegations must be put aside.  They do not count.  <u>See</u> <u>Badalamenti</u> v. <u>Resideo Techs., Inc.</u>, 755 F. Supp. 3d 534, 547 n.16 (D.N.J. 2024) (collecting cases).  Therefore, the Plaintiff's FLSA claim here can run back for two years, the ordinary period.  Not for three years --- the longer period that would have been in play if there were a properly backed-up "willful" claim.

[7]  The Plaintiff says that he worked 17.5 hours of overtime per week.  <u>See</u> Motion for Default Judgment, Exhibit E.  His normal pay rate is said to have been $16 per hour --- meaning that the proper overtime rate was an additional $8 per hour.  Therefore,

9

liquidated damages. See 29 U.S.C. 216(b). (Recall that the FLSA mandates liquidated damages for non-payment of overtime on a 1:1 basis. See id.)

\* \* \*

What additional damages is the Plaintiff entitled to under his NJWHL claim?

\* \* \*

The Plaintiff argues that the "limitations period for [his] claim[] [is six years, and therefore] reaches back to March 8, 2018." Motion for Default Judgment at 7 (emphasis added).

It is true that the limitations period for a NJWHL claim is six years. See N.J.S.A. 34:11-56a25.1.

But that relatively longer limitations period came online after March 8, 2018 --- on August 6, 2019. Before August 6, 2019, the relevant limitations period was two years. See N.J.S.A. 34:11-56a25.1 (2018).

And per the New Jersey Supreme Court, the August 6, 2019, extension of the limitations period was not retroactive. See Maia v. IEW Constr. Grp., 257 N.J. 330, 352-53 (2024). It does not allow for recovery based on pre-August 6, 2019, claims that would have been barred by the older, 2-year limitations period. See id.

Therefore, the Court will only consider NJWHL remedies for the period from August 7, 2019 forward.

NJWHL claims from before that date are not viable --- because this case was filed in 2024, more than two years (the old limitations period) after August 7, 2019.

As to overtime pay, the amount due under the NJWHL is $18,747.[8] That covers the period from August 7, 2019 until March 8, 2022,

---

the Plaintiff was underpaid by $140 per week. He stopped working for the Defendants in 2023. In calendar year 2023, the Plaintiff worked 25.86 weeks, see id., for a total underpayment of $3,620. And from March 8, 2022 to December 31, 2022, he worked 42.8 weeks, equaling an underpayment of $5,992. All of this adds up to $9,612.

[8] Throughout the relevant period, the Plaintiff says that he was underpaid by $140 per week. See footnote 7; Motion for Default

10

when the Plaintiff is already getting his overtime pay covered under the FLSA.

\* \* \*

As to liquidated damages, those can be awarded under the NJWHL for up to 200 percent.  See N.J.S.A. 34:11-56a25.  But the amount awarded in liquidated damages is a discretionary decision, see Delgado v. Auto Gallery LLC, 2021 WL 5864064, at \*5 n.6 (D.N.J. Dec. 10, 2021), and the Plaintiff has not offered any basis for calculating a particular "sum certain" as to the NJWHL liquidated damages --- and that is what the law requires in the default judgment context.  See, e.g., Baymont, 348 F.R.D. at 235; 10 Moore's Federal Practice --- Civil § 55.32 (2024).

\* \* \*

To sum up: the Court will award the Plaintiff the full amount claimed in unpaid overtime from August 7, 2019 until his last day at work.  And under the FLSA, the Court will also award liquidated damages equal to 100 percent of unpaid overtime, dating back to March 8, 2022.

This adds up to $37,971.

### B. Fees and Costs

Next, the Plaintiff moves for default judgment as to his request for attorneys' fees and costs.  See Motion for Default Judgment at 13-18.

The FLSA provides that the Court "shall, in addition to any judgment awarded to the plaintiff . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  29 U.S.C. § 216(b).

In the context of an FLSA action, the Third Circuit has stated that district courts should calculate an attorneys' fee by using the "lodestar" approach --- "the number of hours worked multiplied by the prevailing hourly rate," and explained that

---

Judgment, Exhibit E.  From August 7, 2019, to March 8, 2022, he worked a total of 133.91 weeks.  See Motion for Default Judgment, Exhibit E.  Multiplying results in $18,747 in unpaid overtime.  Note: the Plaintiff claims that he worked for 52.14 weeks in calendar year 2020.  See id.  In making its calculations, the Court has adjusted this figure to 52.00 weeks, consistent with calendar years 2021 and 2022.

11

such a calculation "carries a strong presumption of reasonableness." <u>Souryavong</u> v. <u>Lackawanna Cnty.</u>, 872 F.3d 122, 128 (3d Cir. 2017).

The Plaintiff's counsel has submitted billing records. <u>See</u> Farnworth Declaration ¶ 8; Motion for Default Judgment, Exhibit F.

Those records show that two attorneys spent 31.4 hours on the Plaintiff's case, at rates of $300 and $350 per hour. This added up to a total fee of $9,525. <u>See</u> Motion for Default Judgment, Exhibit F.

Is this reasonable?

Yes, based on a look to motions for default judgment in other FLSA cases in this District. <u>See</u>, e.g., <u>Liu</u> v. <u>New Dickson Trading, LLC</u>, 2023 WL 3736351, at *8-9 (D.N.J. May 30, 2023); <u>Morales</u>, 2022 WL 1718050, at *8; <u>Wang</u> v. <u>Fu Leen Meng Restaurant LLC</u>, 2018 WL 1027446, at *5 (D.N.J. Feb. 23, 2018).

The Plaintiff also requests $520 in litigation costs, including a service fee and filing fee. <u>See</u> Motion for Default Judgment at 18; <u>id.</u>, Exhibit G; ECF 1 (filing and administrative fee). This, too, is reasonable.

### C. Post-Judgment Interest

Finally, the Plaintiff moves for post-judgment interest. <u>See</u> Motion for Default Judgment at 18. But he does not say why it is appropriate --- only that it "should be awarded." <u>Id.</u> This is too little to go on, and the Court will not exercise its discretion to award any post-judgment interest here.

### IV. Conclusion

The motion for default judgment is granted in part.

The Plaintiff is awarded $28,359 in unpaid overtime wages, plus $9,612 in liquidated damages. And he will further be awarded $9,525 in attorneys' fees and $520 in costs.

IT IS on this 12th day of June, 2025, so **ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.