UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TOMAS GUOX AJANEL,<br><br>*Plaintiff*,<br><br>v.<br><br>JC HVAC LLC and JUAN CARLOS ALZATE,<br><br>*Defendants*. | No. 24-cv-02150 (MEF)(CLW)<br><br>**OPINION and ORDER** |

\* \* \*

For the purposes of this brief Opinion and Order, the Court assumes full familiarity with the facts and procedural history of this case.

\* \* \*

This Court previously granted the Plaintiff's[1] motion for default judgment in part and denied it in part. See Ajanel v. JC HVAC LLC, 2025 WL 1671318 (D.N.J. June 12, 2025).

The Plaintiff now moves for reconsideration. See Memorandum of Law in Support of Plaintiff's Motion for Reconsideration (ECF 23-1) ("Motion for Reconsideration") at 1-2.

The motion is denied for the reasons set out below.

\* \* \*

The Plaintiff's first argument is that the Court erred by finding that he did not establish that the Defendants acted willfully. See Motion for Reconsideration at 3-5.

---

[1] Tomas Guox Ajanel.

This argument misses the mark.

Willfulness, in the context of the FLSA, means "that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the state." McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988).

But as the Court explained in its previous Opinion, see Ajanel, 2025 WL 1671318, at *4 n.6, the Plaintiff alleges little more than that he was not adequately paid. See Complaint (ECF 1) ¶¶ 1-2, 15, 18, 26.

If willfulness --- and the larger damages potentially associated with it, see 29 U.S.C. § 255(a); id. § 216(b) --- could be established based on what is mainly bare nonpayment, willfulness would be present in virtually every FLSA case. But that cannot work. The statute envisions willful violations as their own sub-category of violations. See McLaughlin, 486 U.S. at 133.

\* \* \*

Next, the Plaintiff argues that the Court erred by declining to award liquidated damages under the NJWHL. See Motion for Reconsideration at 5-9.

The Court did so because the Plaintiff had not provided a basis for calculating a "sum certain." See Ajanel, 2025 WL 1671318, at *5.

The Plaintiff says that the statute does provide a "sum certain" --- it requires a damage pay-out of 200 percent of his unpaid wages. See Motion for Reconsideration at 5-7.

But the NJWHL states that an "employee may recover in a civil action the full amount of [unpaid] minimum wage less any amount actually paid to him or her by the employer . . . and an additional amount equal to not more than 200 percent of the amount of the unpaid minimum wages . . . as liquidated damages." N.J.S.A. 34:11-56a25 (emphasis added).

That suggests a payment of up to 200 percent (a discretionary decision by the Court), not a payment of 200 percent (a statutorily mandated amount).

\* \*

In light of the above, the Plaintiff's motion for reconsideration is denied.

2

As noted before, the motion for default judgment was denied without prejudice. Should the Plaintiff wish to make supplemental filings that address the asserted willfulness of the Defendants' actions, or the appropriateness of liquidated damages in a precise amount (at or below the 200 percent ceiling under the NJWHL), he may do so.

IT IS on this 30th day of July, 2025, so **ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.